OPINION
On April 29, 1999, appellant was convicted in the Holmes County Common Pleas Court of carrying a concealed weapon in violation of R.C. 2923.12. He was sentenced to 45 days incarceration, and fined $1000. He appealed to this court, and the judgment of conviction and sentence was affirmed on March 29, 2001. Appellant then filed a motion to re-open his appeal based on ineffective assistance of appellate counsel, pursuant to App.R. 26 (B). This motion was granted, and appellant assigns the following errors upon re-opening of his appeal:
 ASSIGNMENTS OF ERROR I. APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF TRIAL COUNSEL IN VIOLATION OF THE 5th AND 14th AMENDMENTS TO THE UNITED STATES CONSTITUTION.
 II. OHIO REVISED CODE § 2923.12 IS UNCONSTITUTIONAL AS AN UNREASONABLE AND OVER RESTRICTIVE INFRINGEMENT UPON FUNDAMENTAL RIGHT OF SELF DEFENSE AND THE FUNDAMENTAL RIGHT TO BEAR ARMS AS GUARANTEED BY ARTICLE I §§ 1 AND 4 OF THE OHIO CONSTITUTION.
 III. OHIO REVISED CODE § 2923.12 IS UNCONSTITUTIONAL AS AN UNREASONABLE AND OVER RESTRICTIVE INFRINGEMENT UPON THE FUNDAMENTAL RIGHT OF SELF DEFENSE AND THE FUNDAMENTAL RIGHT TO BEAR ARMS AS GUARANTEED BY ARTICLE I § § 1 AND 4 OF THE OHIO CONSTITUTION.
 IV. OHIO REVISED CODE § 2923.12 VIOLATES THE EQUAL PROTECTION CLAUSE CONTAINED IN ARTICLE 1 § 2 OF THE OHIO CONSTITUTION.
On August 2, 1998, appellant and his friend Steven Raines were returning to Akron from Coshocton County after a day of target shooting. Appellant had his .22 caliber stainless steel pistol in its case in his pickup truck.
At about 10:30 p.m., appellant's truck ran out of gas on State Route 83 just North of Holmesville. Appellant pulled into a driveway. He took the revolver from its box, along with a clip containing seven live rounds, and approximately 50 loose live rounds. He put the revolver in his pocket. Appellant went to several homes hoping to find someone to help him obtain gas for the truck. At the second home, he found two girls, Susie Salisbury and Marcie Miller, who were willing to drive him to Millersburg to buy gas for his truck. When appellant bent over to fill a gas can at the gas station, the girls noticed the butt end of the pistol, which then became visible to them.
When they arrived back at the truck, appellant was met by sheriff's deputies, who were aware that a gun had been taken from the truck. Deputies Fry and Miller of the Holmes County Sheriff's Department ordered the girls from the car, while appellant remained in back of the car. Deputy Fry saw appellant moving what appeared to be firearm from his left pocket, across the back seat, and under a stack of clothing. Deputy Miller then ordered appellant out of the car at gunpoint. Deputy Miller found the gun underneath a stack of women's clothing in the middle of the backseat, next to where appellant had been seated. He also found a clip with seven live rounds on the back floor, under additional women's clothing, near where appellant had been seated. When appellant was booked at the Holmes County Jail, a corrections officer found 50 live rounds in appellant's back pocket.
Appellant was indicted by the Holmes County Grand Jury of one count of carrying a concealed weapon, and one count of having weapons under a disability. The State entered a nolle prosequi on the charge of weapons under disability. The case proceeded to jury trial on the charge of carrying a concealed weapon. Appellant was convicted and sentenced, and the judgment was affirmed on appeal to this court. This case is now before this court on re-opening to consider the issue of ineffectiveness of appellate counsel.
Counsel is not ineffective unless his performance fell below an objective standard of reasonable representation, and the defendant was prejudiced by such performance. Strickland v. Washington (1984),466 U.S. 668, 687; State v. Bradley (1989), 42 Ohio St.3d 136. To demonstrate prejudice, the defendant must show that but for counsel's errors, the result of proceeding would have been different. Id.
 I
Appellant first argues that his appellate counsel was ineffective for failing to raise eight instances of ineffective assistance of trial counsel.
Appellant first argues that trial counsel was ineffective by appearing fifteen minutes late on the morning of the opening day of his trial. The record reveals that appellant's trial counsel was in fact fifteen minutes late, and an exchange occurred between the court and counsel concerning his tardiness. However, this exchange was outside the hearing of the jury, and was never brought up during the course of the trial. Appellant has not demonstrated prejudice.
Appellant argues that trial counsel's failure to follow Crim.R. 16 concerning in camera inspection of witness statements constitutes ineffective assistance of counsel. We cannot determine whether counsel erred, or whether appellant was prejudiced by any error, as the witness statements are not a part of the record on appeal.
Appellant alleges that counsel's opening statement was ineffective in part, as counsel stated that appellant was a "city-bred guy" and did not know that you do not walk onto other people's property without permission. Tr. 14. Appellant has not demonstrated prejudice from this statement, as the record does not disclose anything in this brief statement that had an impact on the final outcome of the trial.
Appellant argues that counsel failed to move for a Crim.R. 29 motion for acquittal at the close of the State's case. As this court considered a claim of sufficiency of the evidence, as well as manifest weight of the evidence, on direct appeal, appellant cannot demonstrate prejudice by counsel's failure to so move, as he has not demonstrated that if the motion had been made, it would have been granted.
Appellant also argues that counsel was ineffective for failing to subpoena Steven Raines to testify at trial. At trial, counsel told the court that he had subpoenaed Mr. Raines at several locations for a previous trial date, but elected not to subpoena him for the date upon which the case actually proceeded to trial, as he had spoken with Mr. Raines, and Mr. Raines had assured him that he would be present. The court allowed appellant to read a transcript of Steve Raines' testimony from a prior motion hearing into the record. Appellant has not demonstrated that had Mr. Raines testified personally, the result of the proceeding would have been different. A reading of Mr. Raines' testimony reveals that it was not particularly helpful to appellant. He testified that he did not know whether or not appellant had the gun in his pocket when he approached the house. Tr. 166. Further, Raines had a felony record, and testified he gave the deputy a false name on the night in question, as there was an outstanding warrant for his arrest.
Appellant next argues that counsel was ineffective in opening the door to his prior criminal record. On direct examination, counsel asked appellant if he was a convicted felon. Tr. 191. Appellant, who did not have a felony conviction, nevertheless chose to embellish his answer by responding that he had a "clean record." Tr. 191. Appellant's decision to expound on his answer opened the door to cross examination concerning misdemeanor convictions. The question itself concerned only a felony record, and did not open the door. Further, appellant has not demonstrated that had evidence of his prior misdemeanor convictions not been admitted, he would have been acquitted on the charge of carrying a concealed weapon. The trial court specifically instructed the jury that the evidence could be considered only for the purpose of credibility. Tr. 240-241.
Appellant alleges that counsel was ineffective for failing to request an instruction limiting the State's evidence of his weapon being concealed to the time of arrest. This court considered this claim on direct appeal, and noted that as appellant had not requested a bill of particulars, the jury was permitted to consider any and all evidence with regard to the events which occurred on or about August 2, 1997, as alleged in the indictment. Appellant therefore also argues that counsel was ineffective for failing to request a bill of particulars. Appellant has not demonstrated prejudice, as appellant cites no authority for his proposition that a jury may only consider whether the weapon was concealed at the time of his arrest. As discussed in this court's first opinion, there was sufficient evidence, presented through the testimony of Salisbury and Miller, that appellant carried the gun concealed in his pocket from the time he left his pickup truck until the deputies observed him slide the gun underneath the clothes in the car.
Finally, appellant argues that his counsel failed to seek an instruction on the affirmative defense of self-defense, as found in R.C.2923.12 (C)(2). That statute provides that it is an affirmative defense that the weapon was carried or kept ready at hand by the actor for defensive purposes, while the actor was engaged in a lawful activity, and had reasonable cause to fear a criminal attack upon the actor, such as would justify a prudent person in going armed. There is nothing in the record to support a claim that appellant had reason to fear for his safety when he stopped at the Weaver home to seek help, when he was in the car with two teenage girls, or at the local Shell station. As appellant has not demonstrated that had he raised this defense, the result of the proceeding would have been different, counsel was not ineffective for failing to request an instruction.
As appellant's claims of ineffective assistance of trial counsel are all without merit, appellate counsel was not ineffective for failing to raise these claims on direct appeal.
The first assignment of error is overruled.
 II, III, IV
In his second, third, and fourth assignments of error, appellant raises claims challenging the constitutionality of the statute prohibiting carrying concealed weapons. As noted by the State, there is no case law of the Ohio Supreme Court or the Fifth District Court of Appeals upholding such a constitutional challenge. We therefore cannot find that counsel was ineffective for failing to raise a claim that has never been accepted in this district, and has only been recently accepted by a very small minority of courts in the state.
The second, third, and fourth assignments of error are overruled.
The judgment of the Holmes County Common Pleas Court is affirmed.
By GWIN, J., HOFFMAN, P.J., and WISE, J., concur
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Holmes County Common Pleas Court is affirmed. Costs to appellant.